Armen Kiramijyan, Esq. (SBN 276723)
Lead Attorney for Plaintiff
KAASS LAW
313 East Broadway, #944
Glendale, California 91209
Telephone: 310.943.1171
akiramijyan@kaass.com

Hovsep Hovsepyan, Esq. (SBN 308522)
Attorney for Plaintiff
KAASS LAW
313 East Broadway, #944
Glendale, California 91209
Telephone: 310.943.1171
hhovsepyan@kaass.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETTA MAILYAN, an individual, on behalf of herself and all others similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation; and DOES 1-100, inclusive; <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION ALLEGATION COMPLAINT** <br> **1. Fraud through Concealment** <br> **2. Unfair Competition under California Business and Professions Code § 17200 et seq.** <br><br><br> **JURY TRIAL DEMANDED** |

Violetta Mailyan (collectively "Plaintiff"), individually and on behalf of a class of all similarly situated ("Class") asserts the following claims against Apple Inc. ("Defendant") and in support thereof, states as follows:

## PARTIES

1. Plaintiff is an individual who at all times relevant herein resided in the State of California, County of Los Angeles.

2. Defendant is a California corporation, with its principal place of business in Cupertino, California.

3. Plaintiff is informed and believes and thereon alleges that Does 1 through 100 are persons, corporations, partnerships, or other entities that were alter egos of Defendant or have directed, approved, committed, participated in, or added and abetted the acts and transactions alleged in this complaint. Each is therefore liable for the acts alleged in this complaint. The true names, capacities and/or roles of Does 1-100 are unknown to Plaintiff, and Plaintiff will amend this complaint when their true names, capacities and roles are known.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the Class consists of more than 100 members, the amount at issue is more than $5 million exclusive of interest and costs; and minimal diversity exists because at list one Plaintiff is a citizen of a different state than Defendant.

5. Venue is proper under 28 U.S.C. § 1391 because Defendant conducts a large amount of its business in this District, Defendant has substantial relationship to this District, and a substantial part of the events and omissions giving rise to this action occurred in this District.

## STATEMENT OF FACTS

6. Defendant is manufacturing famous smartphones under the trade name iPhone. Almost every year Defendant introduces a new model of iPhone.

7. Plaintiff and Class have owned different iPhone models for years, including, but not limited to iPhone 4, iPhone 5, iPhone 6, iPhone 7, and iPhone 8.

8. Before or after a new iPhone was announced or introduced in the market, Plaintiff and Class noticed that the performance of their older iPhone models slowed down either after downloading iPhone operating system ("iOS") updates or otherwise for unknown or undisclosed technical reasons.

9. Defendant, through iOS updates or otherwise, purposefully slowed down

the performance of older iPhone models.

10. On December 20, 2017, Defendant admitted that it intentionally slowed down the operating speed of older iPhones.

11. In its official statement Defendant declared:

"Our goal is to deliver the best experience for customers, which includes overall performance and prolonging the life of their devices. Lithium-ion batteries become less capable of supplying peak current demands when in cold conditions, have a low battery charge or as they age over time, which can result in the device unexpectedly shutting down to protect its electronic components.

Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down during these conditions. We've now extended that feature to iPhone 7 with iOS 11.2, and plan to add support for other products in the future."

12. Defendant's statement was released in response to a report by Primate Labs stating that the processors in iPhones slow down and decrease in performance as batteries age and lose capacity.

13. Defendant's iOS updates never informed Plaintiff and Class that Defendant was purposefully slowing down the operation of their devices.

14. When Plaintiff and Class bought their iPhones they were expecting that their iPhones would work properly, and that the performance of their iPhones would not slow down for unapparent reasons.

15. Defendant's iOS updates were engineered to intentionally slow down the performance speed of older iPhone models.

16. Defendant's iOS updates never disclosed that the slowdown in older iPhone models might be remedied by replacing the battery in these devices or by avoiding the download of iOS updates.

17. Plaintiff and Class noticed remarkable slowdowns in the operation of their

iPhones before and after downloading iOS updates.

18. Defendant's intentional slowdown of the performance of older models of iPhones greatly diminished the effectiveness, usefulness and utility of these devices.

19. As a result of the slowdown of the performance of their older iPhone models, Plaintiff and Class bought newer iPhone models in order to have a properly functioning smartphone.

20. Plaintiff and Class lost value of older iPhone models because of the slowdown of performance. Plaintiff and Class expended money to purchase newer iPhone models in order to avoid the slowdown of their older iPhone models.

21. The slowdown of older iPhone models was material in impact, thus prompting Plaintiff and Class to purchase newer iPhone models to avoid the slowdown.

22. If Plaintiff and Class knew that the performance of their iPhones would slow down after the introduction of a new iPhone model or an iOS update, they would not purchase an iPhone.

23. If Plaintiff and Class knew that the slow performance of their iPhones could be remedied by purchasing a new battery, they would buy a new battery instead of a new iPhone model.

24. If Plaintiff and Class knew that the slow performance of their iPhone could be avoided by refusing to download the iOS update, they would not buy a new iPhone model.

25. Defendant knew and intentionally failed to disclose that it was purposefully slowing down the performance of older iPhones models and that the slowdown could be remedied by purchasing a new battery, by avoiding to download the iOS update or otherwise.

26. Prior to the purchase of their newer iPhone models, Defendant never informed Plaintiff and Class that the performance of their old iPhone models could by improved by purchasing a new battery.

27. Defendant knew how to remedy or avoid the slowdown of older iPhone models. Defendant purposefully slowed down the speed of older iPhone models through unknown ways.

28. Defendant purposefully concealed and failed to disclose the fact that a battery replacement would improve the performance of older iPhone models.

29. The fact that the performance of older iPhone models could be remedied by a battery replacement was a material information for a reasonable consumer who wanted to improve the performance of his or her iPhone.

30. Defendant's wrongful actions directly and proximately caused damages to Plaintiff and Class.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of herself and all other members of the Class, and alleges all claims herein on a common, class-wide basis, pursuant to Fed. R. Civ. P. 23.

32. The Class is defined as follows: All persons residing in the United States who have owned iPhone models older than iPhone 8 and who have purchased a newer iPhone model as a result of slowdown caused by Defendant through an iOS update or otherwise.

33. The Plaintiff is a member of the Class as defined above.

34. Excluded from the class are all attorneys for the Class, officers of Defendant, including officers and members of any entity with an ownership interest in Defendant, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

35. Plaintiff is informed and believes that the proposed class comprises millions of persons. Therefore, the Class is so numerous and geographically dispersed that joinder of all members in one action is impracticable.

36. There are substantial questions of law and fact common to the Class that predominate over questions affecting only individual Class members including, but not

limited to, the following: whether Defendant intentionally slowed down the performance of older iPhone models through iOS updates or otherwise; whether Defendant intentionally concealed material information from Class members; whether Defendant's conduct was the direct and proximate cause of the damages suffered by Class members; whether the Plaintiff and Class suffered monetary damages as a result of Defendant's conduct; whether Defendant violated California Business and Professions Code §17200 et seq.; whether punitive damages should be awarded to Plaintiff and Class.

37. Plaintiffs' claims are typical of the claims of the Class. Each member of the Class had to buy a newer iPhone model because the performance of their older iPhone model had slowed down as a result of Defendant's purposeful conduct. Each member of Class was denied the use, utility and value of the older iPhone model because of the slowdown of performance. The injuries of the Plaintiff and Class are identical, and Plaintiff's claims for relief are based upon the same legal theories as the claims of other Class members.

38. Plaintiff will fairly and adequately protect and represent the interests of the Class because her claims are typical of the claims of the Class, she is represented by locally respected attorneys who have experience handling consumer litigation, who are qualified and competent, and who will vigorously prosecute this litigation, and her interests are not antagonistic or in conflict with the interest of the Class.

39. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the other Class members' claims is economically unfeasible and procedurally impracticable. Litigating the claims of the Class together will prevent varying, inconsistent, or contradictory judgments, and will prevent delay and unnecessary expense to the parties and the courts. A class action will be an efficient method of adjudicating the claims of the Class members who have suffered relatively small damages as a result of the same conduct of Defendant.

# FIRST COUNT

## (Fraud through Concealment)

40. Plaintiff incorporates and realleges all allegations set forth in paragraphs 1 to 39.

41. Defendant intentionally failed to disclose to Plaintiff and similarly situated class members that Defendant was purposefully slowing down the performance of older iPhone models through iOS updates or otherwise.

42. Defendant intentionally failed to disclose that the slow performance of older iPhone models could be remedied by purchasing a new battery or otherwise.

43. Only Defendant knew that it was purposefully slowing down the performance of older iPhone models and that the slow performance of older iPhone models could be remedied by purchasing a new battery or otherwise.

44. Plaintiff and similarly situated Class members did not know and could not have discovered that Defendant was purposefully slowing down the performance of older iPhone models and that the slow performance of older iPhone models could be remedied by purchasing a new battery or otherwise.

45. Defendant intended to deceive Plaintiff and Class by concealing the fact that it was purposefully slowing down the performance of older iPhone models and that the slow performance of older iPhone models could be remedied by purchasing a new battery or otherwise.

46. If Defendant disclosed that it would purposefully slow down the performance of older iPhone models Plaintiff and Class would not buy these iPhone models. Further, if Defendant disclosed that the slow performance of older iPhone models could be remedied by purchasing a new battery, Plaintiff and similarly situated Class members would buy a new battery instead of buying a newer iPhone model.

47. Plaintiff and similarly situated Class members suffered damages because they bought newer iPhone models as a result of the slow performance of their older iPhones models caused by Defendant's conduct.

7
COMPLAINT

48. Defendant's concealment of the fact that it was purposefully slowing down the performance of older iPhone models and that the slow performance of older iPhone models could be remedied by purchasing a new battery or by avoiding the download of the iOS update was a substantial factor in causing damages to Plaintiff and Class.

49. Defendant's conduct was intentional and malicious, causing damages to Plaintiff and Class.

## COUNT TWO

## (Unfair Competition under

## California Business and Professions Code § 17200 et seq.)

50. Plaintiff incorporates and realleges all allegations set forth in paragraphs 1 to 39.

51. Pursuant to California Business and Professions Code § 17200, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice.

52. Defendant's above described conduct was unfair and fraudulent because Defendant purposefully slowed down the performance of older iPhone models through iOS updates or otherwise.

53. As a result of Defendant's unfair and fraudulent business practices, Plaintiff and Class suffered damages because they had to purchase a newer iPhone model in order to replace their slow older model.

54. Defendant's conduct was intentional and malicious.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully request that the Court enter judgment in their favor as follows:

1. Certifying the Class under Fed. R. Civ. P. 23 and appointing Plaintiff and her counsel to represent the class;
2. Awarding Plaintiff and the Class monetary damages as allowable by law;

3. Awarding Plaintiff and the Class appropriate equitable relief;
4. Awarding attorneys' fees, costs and litigation expenses, as allowable by law;
5. Awarding punitive damages as allowable by law;
6. Awarding all such further relief as allowable by law.

## JURY TRIAL DEMANDED

Plaintiff, on behalf of herself and the Class, demands a trial by jury on all triable issues.

DATED: December 23, 2017        **KAASS LAW**

By: /s/ Armen Kiramijyan
Armen Kiramijyan, Esq.
Lead Attorney for Plaintiff

Hovsep Hovsepyan, Esq.
Attorney for Plaintiff